```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                                    02-CR-6091T

              v.                            DECISION
                                            and ORDER
TRAVIOUS PARKER,

                    Defendant.
_____
```

## INTRODUCTION

On September 10, 2002, defendant Travious Parker was charged in a two-count indictment with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c)(possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base), and 18 U.S.C. § 924(c)(1)(unlawful possession of a firearm). On October 7, 2004, the government filed a superceding indictment charging defendant with seven counts including three counts of violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c)(possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base) (Counts 2, 3 and 5); two counts of violations of 21 U.S.C. § 844(a)(knowing, intentional unlawful possession of more than 5 grams of a substance containing cocaine base)(Counts 4 and 6); one count of a violation of 18 U.S.C. § 924(c)(1)(unlawful possession of a firearm)(Count 1); and one count of a violation of 18 U.S.C. 924(a)(2) and 18 U.S.C. 922(g)(1)(unlawful possession by a felon of a firearm)(Count 7).

By Order dated August 4, 2004, I referred this case to Magistrate Judge Marian W. Payson for pretrial proceedings. On January 28, 2005, the defendant filed an omnibus motion, seeking inter alia: (1) suppression of physical evidence obtained during a May 1, 2002 search conducted during the defendant's pre-arraignment detention at the Monroe County Jail; (2) suppression of physical evidence obtained pursuant to a traffic stop effectuated in the City of Rochester, New York, on June 7, 2002; and (3) suppression of physical evidence and statements allegedly made by the defendant pursuant to a stop, search, and arrest of Parker on July 19, 2002. Specifically, defendant contends that on May 1, 2002, he was subjected to an unlawful strip search in violation of his Fourth Amendment rights while being detained at the Monroe County Jail. With respect to the June 7, 2002 traffic stop, Parker contends that there was no probable cause to stop the vehicle he was driving. Similarly, defendant contends that there was no probable cause for the search or arrest occurring on July 19, 2002.

On March 7 and March 9, 2005, Magistrate Judge Payson held an evidentiary hearing on defendant's motions. Following the submission of post-hearing briefs by the parties, Judge Payson, on June 1, 2005 issued a comprehensive Report and Recommendation recommending that defendant's motions be denied. Thereafter, on July 1, 2005, defendant timely filed objections to the Magistrate Judge's Report and Recommendation, claiming that the judge erred in

recommending that his motions to suppress be denied. Specifically, defendant argues that Judge Payson improperly determined that the May 1, 2001 search at the Monroe County Jail was constitutional, and therefore erroneously failed to suppress evidence seized in connection with that search. Defendant also contends that Judge Payson erred in finding that there was probable cause to effectuate the traffic stop of Parker's vehicle on June 7, 2002. Finally, Parker argues that Magistrate Judge Payson improperly made credibility findings with respect to the testimony of Officer David Simpson ("Simpson") of the City of Rochester Police Department. Parker contends that Judge Payson should not have credited Officer Simpson's testimony (which had been given during a previous suppression hearing before a different Magistrate Judge) over his own, which was given during the hearing held by Judge Payson.

For the reasons set forth below, I adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motion to suppress.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A

3

>     judge of the court may accept, reject, or
>     modify, in whole or in part, the findings or
>     recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance. Cullen v. United States, 194 F.3d 401 (2nd Cir. 1999). I apply this standard to the following analysis.

## DISCUSSION

The facts relevant to the defendant's motion are set forth in detail in Judge Payson's June 1, 2005 Report and Recommendation, and familiarity with those facts are assumed.

I.  The May 1, 2002 Seizure

On May 1, 2002, Parker was arrested on a misdemeanor charge of false impersonation and taken to the Monroe County Jail pending arraignment. Upon arrival at the jail, Parker was subjected to an inventory search and a strip search. Deputy Sheriff Kevin David Bubel, ("Bubel") who conducted the searches, testified at the suppression hearing before Judge Payson on behalf of the government. Bubel testified that in general, persons awaiting arraignment on misdemeanor charges are not subjected to strip searches. He stated that despite the jail's general policy of not conducting strip searches in misdemeanor cases, he decided to

4

conduct a strip search of Parker either because Parker was wearing loose clothing, or because Parker was acting nervous. Because the search had occurred approximately three years prior to Bubel's testimony, Bubel could not specifically recall what the impetus was for the strip search.

After reviewing the facts of the case and the applicable law, Judge Payson determined that if Parker had been subjected to a strip search solely because he was wearing baggy clothes, such a strip search may not have been constitutionally authorized. Judge Payson further concluded that because Bubel could not articulate with certainty that there was just cause for conducting the strip search, the government failed to meet its burden of proving that the strip search was constitutional.[1]

As Judge Payson stated, however, the failure of the government to establish the constitutionality of the strip search does not necessarily require that the defendant's motion to preclude be granted. If the narcotics found in the lining of Parker's sweatshirt were discovered or discoverable during the course of a lawful inventory search, the narcotics would not be subject to suppression. See Colorado v. Bertine, 479 U.S. 367, 372

---

[1] The finding that the government failed to establish the constitutionality of the strip search does not mandate a finding that the search was unconstitutional. Moreover, because defendant's motion may be resolved without determining whether or not the strip search was unconstitutional, I need not decide that issue.

5

(1974)(affirming lawfulness of inventory search upon defendant's arrival at detention facility for purpose of preventing claims of lost or stolen property and protecting police from danger); Nix v. Williams, 467 U.S. 431, 444 (refusing to suppress evidence obtained pursuant to illegal search where government demonstrated that evidence would have inevitably been discovered during the course of a lawful search).

In this case, I find that even if the strip search of the defendant was unconstitutional, the narcotics found in the lining of the hood of his sweatshirt would have inevitably been discovered during the course of a lawful inventory search, and therefore I deny defendant's motion to suppress. "Under the inevitable discovery doctrine, 'evidence that was illegally obtained will not be suppressed if the government can prove that the evidence would have been obtained inevitably even if there had been no statutory or constitutional violation.'" United States v. Mendez, 315 F.3d 132, 137 (2nd Cir. 2002)(quoting United States v. Roberts, 852 F.2d 671, 675-76 (2nd Cir. 1988)(internal quotation omitted)). To invoke the inevitable discovery doctrine in cases involving inventory searches, the government must establish that the defendant was being lawfully detained, that the government conducted the search pursuant to an established or standardized procedure, and that the inventory search would have inevitably led to the discovery of the challenged evidence. Mendez, 315 F.3d at

138. Here, the government has established that Parker was being lawfully detained at the Monroe County Jail pending arraignment on criminal charges. Moreover, at the suppression hearing, the government introduced as evidence the written policy in place at the Monroe County Jail governing how inventory searches were to be conducted. (Government's Exhibit "B" at pp. 1-2). Finally, the written inventory search policy provides that a detainee must remove "multiple layers of clothing" as part of the pat search conducted on all detainees. Id. Based on the Monroe County Jail's written inventory search policy, Parker would have been required to remove the sweatshirt he was wearing, and that sweatshirt would have been subject to an inventory search. Because the narcotics would have been discovered pursuant to that valid, lawful inventory search, I affirm Judge Payson's Report and Recommendation with Respect to the May 1, 2002 search, and deny defendant's motion to suppress.

  II.  The June 7, 2002 Stop of Defendant's Vehicle.

Defendant claims that there was no probable cause for stopping the vehicle he was driving on June 7, 2002, and therefore, evidence obtained during a search of the vehicle incident to the traffic stop must be suppressed. For the reasons that follow, I deny defendant's motion.

Officer Herbert McClellan of the City of Rochester, New York, Police Department testified that he conducted a traffic stop of the defendant's vehicle because Parker failed to signal prior to making a left hand turn.  Failure to signal prior to turning is a violation of the New York State Vehicle and Traffic Law, and provides probable cause for conducting a traffic stop.  Judge Payson determined that McClellan's testimony regarding his observations was credible, and I see no reason to disturb that finding.  I therefore reject defendant's argument that McClellan was too far away from his vehicle to observe whether or not the turn signal was operating.  I further reject defendant's argument that he may have used a hand signal to signal the left turn as unsubstantiated.  Because Parker was observed making a left-hand turn without first signaling, I find that there was probable cause for stopping his vehicle.

III. <u>The July 19, 2002 Arrest and Seizure</u>.

In her June 1, 2005 Report and Recommendation, Judge Payson recommends that the defendant's motion to suppress evidence found in connection with the July 19, 2002 search and arrest be denied on grounds that the evidence was obtained pursuant to a lawful pat-frisk.  Judge Payson made this recommendation after re-opening the suppression hearing (which was originally held before Magistrate Judge William G. Bauer prior to the issuance of the superceding

indictment) to consider Parker's testimony regarding the events leading to the pat-frisk and subsequent arrest. Judge Payson determined that Parker's testimony was not credible, and, where Parker's testimony conflicted with the testimony previously given by arresting Officer David Simpson, Judge Payson chose to credit the testimony given by Officer Simpson.

Parker contends that because there was a question of credibility at issue, Judge Payson erred by accepting and crediting the transcript testimony of Officer Simpson (given before another Judge) over his testimony, which was given live before Judge Payson. In support of this argument, defendant cites only one case, United States v. Raddatz, 447 U.S. 667 (1980), in which the Supreme Court held that a district court judge has broad discretion to hear witnesses to resolve conflicting credibility claims. While it is true that district court and magistrate judges do have broad authority to hear witness testimony to resolve credibility issues, I find that Judge Payson correctly relied on and properly evaluated all of the testimony given in connection with the July 19, 2002 incident. Officer Simpson's testimony regarding the July 19, 2002 had been deemed credible by Magistrate Judge Bauer and by this court, and because Judge Payson did not reject the credibility findings previously made, she was not required to have Simpson recalled to testify in connection with the motion to suppress. See Cullen v. United States, 194 F.3d 401 (2nd Cir. 1999)(district court

may not <u>reject</u> the credibility findings of a Magistrate Judge without conducting an evidentiary hearing). Additionally, Judge Payson properly exercised her authority in determining that much the defendant's testimony was not credible, and instead relying on the credible testimony of Officer Simpson. I therefore reject defendant's contention that Judge Payson improperly evaluated the testimony provided at the hearing motion, and deny defendant's motion to suppress.

<u>CONCLUSION</u>

For the reasons stated in Judge Payson's Report and Recommendation, I deny defendant's motion to suppress tangible evidence and statements.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         August 2, 2005